LINA FRANCO LAW P.C.
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (917) 657-1984
www.LuchaPorTusDerechos.com
www.LinaFrancoLawPC.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES ARIAS, individually *and on behalf of others similarly situated*,

                *Plaintiff*,

-against-

EDWARD PRODUCE CORP., and E.D. PRODUCE CORP. (d/b/a "EDWARD PRODUCE") EDWARD DOE, PEDRO DOE AND AMBIORI ANTIGUA

                *Defendants*.

--------------------------------------------------------X

**COMPLAINT**

**Collective Action under 29 U.S.C. § 216(b)**

**Rule 23 Class Action**

**ECF Case**

Charles Arias, ("Plaintiff"), individually and on behalf of others similarly situated, by and through their attorneys, Lina Franco Law, P.C., upon their knowledge and belief, and as against Edward Produce Corp., and E.D. Produce Corp. (d/b/a "Edward Produce") ("Defendant Corporations"), "Edward Doe", "Pedro Doe" and Ambiori Antigua (each an "Individual Defendant" and collectively with "Defendant Corporation", "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants Edward Produce Corp and E.D. Produce Corp. (d/b/a "Edward Produce") ("Defendant Corporations") "Edward Doe", "Pedro Doe" and Ambiori Antigua.

1

2. Defendants own, operate, and/or control a trucking company that delivers produce to local super markets and is located at 260 Row B Hunts Point Term Mkt Bronx, New York, 10474, and 160a Row A Hunts Point Trm Mkt Bronx, New York, 10474, under the name of "Edward Produce".

3. Plaintiff was employed by Defendants as a produce delivery truck driver.

4. At all times relevant to this complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work more than forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

7. For at least six years prior to the filing of this action, continuing to the present, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff' and other employees' by making unlawful deductions from Plaintiff' and other employees' wages.

8. Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

9. Defendants, in violating of the FLSA, failed to pay Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

10. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff' state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff were employed by Defendants in this district.

## **THE PARTIES**

*Plaintiff*

14. Charles Arias ("Plaintiff Arias") is an adult individual residing in Brooklyn, New York. He was employed by Defendants from on or about September 2012 until April 2nd, 2017.

*Defendants*

15. At all times, relevant to this complaint, Defendants own, operate, and/or control a produce delivery service located at 260 Row B Hunts Point Term Mkt Bronx, New York, 10474, and 160a Row A Hunts Point Trm Mkt Bronx, New York, 10474, under the name of "Edward Produce".

16. Upon information and belief, "Edward Produce Corp.", ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business 160a Row A Hunts Point Trm Mkt Bronx, New York, 10474.

17. Upon information and belief, "E.D. Produce" ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 260 Row B Hunts Point Term Mkt Bronx, New York, 10474.

18. Defendant "Edward Doe" is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant "Edward Doe" is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

19. Upon information and belief, Defendant "Edward Doe" possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

4

20. Defendant "Edward Doe" determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

21. Defendant "Pedro Doe" is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant "Pedro Doe" is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

22. Upon information and belief, Defendant "Pedro Doe" possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

23. Defendant "Pedro Doe" determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

24. Defendant Ambiori Antigua is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ambiori Antigua is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

25. Upon information and belief, Defendant Ambiori Antigua possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

26. Defendant Ambiori Antigua determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**
*Defendants Constitute Joint Employers*

27. Defendants own, operate, and/or control a produce delivery service located at 260 Row B Hunts Point Term Mkt Bronx, New York, 10474, and 160a Row A Hunts Point Trm Mkt Bronx, New York, 10474, under the name of "Edward Produce".

28. Upon information and belief, individual Defendants "Edward Doe", "Pedro Doe" and Ambiori Antigua have operational control over the Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiff' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

33. Upon information and belief, Individual Defendants "Edward Doe", "Pedro Doe" and Ambiori Antigua operate Defendant Corporation as either an alter egos of himself, and/or fails to operate Defendant Corporation as entities legally separate and apart from himself, by, among other things:

a. failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

b. defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

e. operating the Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

f. intermingling assets and debts of his own with the Defendant Corporation;

g. diminishing and/or transferring assets to protect his own interests; and

h. other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiff' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

35. In each year from 2011 to present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at "Edward Produce", such as meats and beverages, were produced outside the state of New York.

*Plaintiff Charles Arias*

37. Plaintiff Charles Arias is former employee of Defendants. He was employed primarily as a truck driver performing deliveries or produce to various supermarkets around Bronx and Brooklyn, NY.

38. At no point did Plaintiff Arias leave the State of New York to make deliveries. Deliveries were only made to local supermarkets within the City of New York.

39. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

40. Plaintiff Charles Arias was employed by Defendants from on or about September 2012 until April 2nd, 2017.

41. Plaintiff Charles Arias regularly handled goods in interstate commerce, such as fruit and produce and other supplies produced outside the state of New York.

42. Plaintiff Charles Arias' work duties required neither discretion nor independent judgment.

43. Plaintiff Charles Arias regularly worked more than 40 hours per week.

44. From approximately September 2012 until April 2nd 2017, Plaintiff Charles Arias worked Fifteen (15) hours per day, five (4) days a week (typically 60 hours per week).

45. From approximately September 2012 until October 2012 Plaintiff Charles Arias was paid a flat rate of $350 per week.

46. From approximately October 2012 until October 2013 Plaintiff Charles Arias was paid a flat rate of $700 per week.

47. From approximately October 2013 until November 2014 Plaintiff Charles Arias was paid a flat rate of $750 per week.

48. From approximately November 2014 until February 2017 Plaintiff Charles Arias was paid a flat rate of $800 per week.

49. From approximately February 2017 until April 2017 Plaintiff Charles Arias was paid a flat rate of $900 per week.

50. Throughout his employment with Defendants, Plaintiff Charles Arias was paid his wages in cash.

51. Plaintiff Arias had to "punch in" whenever he arrived at work and before loading produce in his truck for delivering to Supermarkets. However, if Plaintiff Arias did not punch in because he forgot or for any other reason, Defendants illegally deducted $25 from his total wages.

52. Plaintiff Charles Arias' pay did not vary even when he was required to stay later or work a longer day than his usual schedule, which happened very frequently.

53. Further, Defendants did not provide Charles Arias with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

54. No notification, either in the form of posted notices or other means, was given to Plaintiff Charles Arias regarding overtime and wages under the FLSA and NYLL.

55. Defendants never provided Plaintiff Charles Arias with each payment of wages a statement of wages, as required by NYLL 195(3).

56. Defendants never provided Plaintiff Charles Arias, any notice in Spanish (Charles Arias' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57. At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws.

58. Defendants' pay practices resulted in Plaintiff not receiving payments for all their hours worked, resulting in Plaintiff' effective rate of pay falling below the required minimum and overtime wage rate.

59. Plaintiff have been victim of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

60. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

61. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff' relative lack of sophistication in wage and hour laws.

62. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

63. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

64. Defendants did not provide Plaintiff with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

65. Plaintiff was paid his wages entirely in cash.

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff brings his FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

67. At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

68. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## RULE 23 CLASS ACTION ALLEGATIONS

69. Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly-situated persons who fall within the following definition: All individuals who were employed by Defendants at Edward Produce during NYLL Class Period.

70. The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiff, and the NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

71. The NYLL Class, like Plaintiff, have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay minimum wage for all hours worked, or proper overtime wages for all hours worked over 40 hours each workweek, failing to make payments for all hours worked, failing to make timely wage payments, failing to make timely wage payments after separation, making unlawful deductions from wages, making unlawful deductions from gratuities, failing to make spread of hours payments, failing to provide accurate wage statements, and maintaining unlawful uniform requirements.

72. During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the minimum wage, overtime requirements and other applicable provisions of the NYLL and/or its regulations.

73. As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations. Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the NYLL Class.

74. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wages and unpaid overtime wages, the straight wages owed, the tips or gratuities retained by Defendants, the "spread of hours" pay owed, the statutory damages owed, and the costs of purchasing uniforms, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

75. Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class.

76. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.

77. Without class certification, the same evidence and issues would be subject to relitigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

78. Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendants.

79. Plaintiff's claims raise questions of law and fact common to the NYLL Class. Among these questions are:

    a. Whether Defendants employed Plaintiff and the NYLL Class members within the meaning of the NYLL;

    b. Whether Defendants failed to pay Plaintiffs and the NYLL Class minimum wage and premium overtime compensation for all hours worked in excess of 40 hours per workweek during the NYLL Class Period;

    c. Whether Defendants made unlawful deductions from the wages of Plaintiff and the NYLL Class, including unlawful deductions;

    d. Whether Defendants failed to pay Plaintiff and the NYLL Class "spread of hours" wages;

e. Whether Defendants provided Plaintiff and the NYLL Class with accurate wage statements;

f. Whether Defendants' violations of the NYLL and/or its regulations were willful.

80. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

81. Plaintiff is a member of the NYLL Class that he seeks to represent. Plaintiff's claims are typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein is also typical of the relief which is sought on behalf of the NYLL Class.

82. Plaintiff's interests are co-extensive with those of the NYLL Class that he seeks to represent in this case. Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.

83. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

84. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

85. Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

86. The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

87. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

88. The cost of proving Defendants' violations of the NYLL and the supporting regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually.

89. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims

90. The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.

91. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

92. The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are at least one 100 similarly-situated persons who were/are employed by Defendant Edward Produce during the NYLL Class Period.

## **FIRST CAUSE OF ACTION**
**(Violation of the Overtime Provisions of the FLSA)**
*On Behalf of Plaintiff and the NYLL Class*

93. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

94. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

95. Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96. Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)
### *On Behalf of Plaintiff and the NYLL Class*

97. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

98. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

99. Defendants failed to pay Plaintiff (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

100. Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

101. Plaintiff (and the FLSA class members) have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)
### *On Behalf of Plaintiff and the NYLL Class*

102. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

103. Defendants failed to pay Plaintiff (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

104. Defendants' failure to pay Plaintiff (and the FLSA class members) an additional hour's pay for each day Plaintiff' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

105. Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation Of The Notice And Recordkeeping Requirements Of The New York Labor Law)  *On Behalf of Plaintiff and the NYLL Class*

106. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

108. Defendants are liable to Plaintiff in the amount of $2,500, together with costs and attorney's fees.

## FIFTH CAUSE OF ACTION
### (Violation Of The Wage Statement Provisions Of The New York Labor Law)  *On Behalf of Plaintiff and the NYLL Class*

109. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

110. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

111. Defendants are liable to Plaintiff in the amount of $2,500, together with costs and attorney's fees.

## SIXTH CAUSE OF ACTION
### (Violation Of The New York Labor Law)
*On Behalf of Plaintiff and the NYLL Class*

112. Plaintiff repeat and reallege all paragraphs above as though set forth fully herein.

113. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

114. Defendants are liable to Plaintiff in the amount of $2,500, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Unlawful Deductions in Violation of NYLL § 193)
*On Behalf of Plaintiff and the NYLL Class*

115. Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

116. The NYLL prohibits covered employers, such as Defendants, from making deductions from the wages of any employee.

117. Defendants made unlawful deductions and withholdings from the wages of Plaintiff and the members of the NYLL Class when Defendants failed to pay them the wages they were owed.

118. As a result of Defendants' willful and unlawful conduct, Plaintiff and the members of the NYLL Class are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

(f) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(j) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA class members;

(l) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n) Awarding Plaintiff and the FLSA and class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(p) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 19th, 2017

                                        LINA FRANCO LAW, P.C.

                                  By: /s/Lina M. Franco

                                        Lina M. Franco, Esq.
                                        Wilhelm J. Ceron, Esq.
                                        42 Broadway, 12th Floor
                                        New York, New York 10004
                                        Telephone: 1800-933-5620
                                        www.LinaFrancoLawPC.com
                                        *Attorneys for Plaintiff*