

August 18, 2018

Honorable Barbara Moses
United States Magistrate Judge

RE: 1:17-cv-02836-BCM Arias v. Edward Produce Corp.

Your Honor,

The parties are writing to report that the agreement has been memorialized in a written agreement (Attached as "Exhibit A"). Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C 201, et seq, ("FLSA"), and the New York Labor Laws, 190 et seq. Plaintiff's claims arose out of defendant's alleged failure to properly pay minimum wage and overtime compensation during Plaintiff's employment with defendants. Defendants filed counterclaims for breach of fiduciary duty, disgorgement of wages, and conversion and civil theft. Defendants also had a scheduling order to file a motion for summary judgment based on the Motor Carrier Exemption to the Fair Labor Standards Act and the New York Labor Law.

The parties sought resolution with the assistance of the Court, and the settlement was reached as set forth in the agreement which we file herewith. Plaintiff has agreed to settle all his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

The Parties have concluded that the Agreement is more than fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable. All parties are satisfied with the outcome, and grateful that the case was brought to a satisfactory conclusion in a timely manner with Your Honor's assistance.

## I.     The Proposed Settlement is Fair and Reasonable

Under the FLSA settlement, Defendants will pay $23,000 to settle <u>all</u> claims.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

We stress that this settlement was reached because of arm's length negotiations between counsel.   Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of settlement.     Considering the risks in this case outlined above, discussed *supra*, Plaintiff believes that this settlement is an adequate result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the FLSA settlement, Plaintiff's counsel will receive $7,666.66 from the settlement fund as attorneys' fees and costs. This represents one-third (33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreements.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel obtained an excellent result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

Lina Franco is the Managing Member of Lina Franco law, P.C, and has been practicing law since 2012. From 2012-2015, she was an associate at the firm of Michael Faillace and Associates, P.C., where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation. In April 2015, she opened a law firm in response to the immigrant community's need for Spanish Speaking attorneys to care for their interests exclusively and fairly. Ms. Franco is an adjunct professor at Borough of Manhattan Community College teaching 4th Amendment law to college seniors.

Attorney Franco is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. If the Court determines a fairness hearing is necessary, the parties respectfully request to participate in such a hearing by telephone. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Lina M. Franco, Esq.
Lina M. Franco
LINA FRANCO LAW, P.C.
Attorneys for the Plaintiffs

Enclosure