USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES ARIAS,

    Plaintiff,

-against-

EDWARD PRODUCE CORP., et al.,

    Defendants.

17-CV-2836 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the parties' proposed settlement agreement (Agreement) and joint letter seeking approval of the Agreement. (Dkt. No. 78.) The Agreement requires defendants to pay $23,000 to plaintiff Charles Arias in full settlement of his claims, including his Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims. Ag. ¶ 1. The payment will be made in three monthly installments. *Id.*

The Agreement includes a one-way release clause, limited to plaintiff's wage-related claims, in which plaintiff releases any and all claims for unpaid wages or other compensation, arising from the same set of facts and circumstances alleged in the Complaint, against defendants, their parent companies, subsidiaries, affiliates, and officers and directors in their individual and representative capacities. Ag. ¶ 3.

Plaintiff's counsel seeks one-third of the settlement sum ($7,666.66) in attorney's fees. In support of the fee request, counsel submitted a detailed timesheet showing that she worked a total of 39.7 hours on plaintiff's case, for a lodestar of $14,350.00. (Dkt. No. 79.) Plaintiff's counsel does not separately seek reimbursement for costs.

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Accordingly, the proposed settlement is APPROVED. In light of the parties' agreed payment

schedule, it is hereby ORDERED that this action is DISMISSED without costs to any party and without prejudice to restoring the action to this Court's calendar if the application to restore the action is made by **November 20, 2018**. If no such application is made by that date, today's dismissal of the action is with prejudice. *See Muze, Inc. v. Digital On Demand, Inc.*, 356 F.3d 492, 494 n. 1 (2d Cir. 2004).

The Court notes that neither the Agreement nor the parties' joint letter requests that the Court retain jurisdiction for any purpose. Consequently, the Court does not retain jurisdiction.

The Clerk of Court is directed to close the case.

Dated: New York, New York
       August 21, 2018

                                          **SO ORDERED.**

                                          **BARBARA MOSES**
                                          **United States Magistrate Judge**